UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAMES WILLIAM CAILLE,<br><br>Claimant,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Respondent. | Civil No. 09-1305 (JAF) |

## OPINION AND ORDER

Claimant, James William Caille, petitions this court under 42 U.S.C. § 405(g) to review the decision of Respondent, Commissioner of Social Security ("Commissioner"), denying the payment of disability benefits to Claimant. (Docket No. 2.) Commissioner opposes the petition (Docket No. 13), and Claimant replies (Docket No. 14).

## I.

## Factual and Procedural Synopsis

We derive the following facts from the record in this case ("R.") (Docket No. 8). Claimant was born on July 22, 1958, and is a veteran of the U.S. Marine Corps who supervised the repair of military helicopters between 1976 and 1986. (R. at 54-55, 77, 80.) Claimant alleges that he has been disabled since January 2, 2006, due to severe pain and side effects from pain medication. (R. at 54, 62-63.) Before ceasing work, he had been a driver, a director of plumbing, a project manager in electrical work, and an installer of electrical wires. (R. at 65.)

On February 8, 2007, Dr. Gregory Smith, Claimant's treating physician at the time, completed a physical residual functional capacity ("RFC") assessment. (R. at 361-65.) Smith noted that he had been treating Claimant since July 2005 and that Claimant reportedly suffered frequent severe pain in the neck and left arm. Smith stated that Claimant experienced side effects from his pain medication, which made Claimant sedated and fatigued. Smith opined that Claimant was unable to perform even "low stress" jobs because of the chronic pain and the inability of Claimant to concentrate due to his pain medication. Claimant received prescriptions, without interruption, for morphine tablets for pain relief from October 25, 2006, until April 30, 2008. (R. at 433, 471-89.) Two other consultative physicians have also submitted physical RFC assessments in Claimant's case in which they did not assess the pain experienced by Claimant. (R. at 107-14, 347-54.)

Claimant applied for disability benefits on July 17, 2006 (R. at 54), which Commissioner denied initially (R. at 45) and on reconsideration (R. at 41). On July 26, 2007, an administrative law judge ("ALJ"), Richard E. Ouellette, issued a decision upholding Commissioner's finding of non-disability. (R. at 369-77.) On November 19, 2007, the Appeals Council remanded the case for the ALJ to fully consider the opinion of Claimant's treating physician and to assess the credibility of Claimant's allegations of severe pain. (R. at 384-86.) On July 18, 2008, ALJ Ouellette held a hearing (the "ALJ Hearing") at which Claimant appeared without counsel voluntarily. (R. at 636-53.) The ALJ questioned Claimant about the extent of his physical ailments and pain. Claimant stated that he engaged in limited daily activity, mostly watching

television and reading at home. The ALJ discovered that Claimant had relocated to Puerto Rico to live with a friend because of financial difficulties and that Claimant had discontinued visits to Smith but received medication by mail.

The ALJ then examined Tennyson Wright, a vocational expert, about Claimant's ability to find work in the national economy. The ALJ asked Wright to

> [a]ssume an[] individual of the same age, education, work experience as the claimant, and assume [an RFC] equal of light to sedentary work with frequent limitation of performing repetitive tasks with the non-dominant left hand and arm and an occasional limitation of stooping, crouching, kneeling but capable of performing fairly complex tasks in an environment of limited work stress and the ability to change position at will.

(R. at 650.) Given these assumptions, Wright concluded that Claimant was capable of performing other jobs in the national economy that fit the description. (R. at 651-52.) On September 2, 2008, the ALJ rendered a second decision upholding Commissioner's finding of non-disability. (R. at 20-32.) The Appeals Council declined to review the ALJ's second decision on January 23, 2009. (R. at 6.)

On March 30, 2009, Claimant sought review by this court of the ALJ's second decision. (Docket No. 2.) Commissioner and Claimant each filed a memorandum of law.[1] (Docket Nos. 13; 14.) Noticing that the events concerning this petition took place in Tampa, Florida, on February 5, 2010, we ordered Claimant to show cause as to why we should not transfer this case

---

[1] Because Claimant is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). His status, however, does not insulate him from the strictures of procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

to the Middle District of Florida as the proper venue under 42 U.S.C. § 405(g). (Docket No. 15.) Claimant responded on February 17. (Docket No. 16.)

**II.**

**Standard of Review**

An individual is disabled under the Social Security Act ("the Act") if he is unable to do his prior work or, "considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." Irlanda-Ortíz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (internal quotation marks omitted) (quoting Rodríguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

We must uphold Commissioner's decision if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence de novo. Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). In reviewing a denial of benefits, the ALJ must consider all evidence in the record. 20 C.F.R. § 404.1520(a)(3) (2009). Credibility and "[c]onflicts in the evidence are . . . for the [ALJ] – rather than the courts – to resolve." Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 141 (1st Cir. 1987). We reverse the ALJ only if we find that he derived

his decision "by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

## III.

## Analysis

### A. Order to Show Cause

Pursuant to 28 U.S.C. § 1404(a), we ordered Claimant to explain why we should not transfer this case to the Middle District of Florida. (Docket No. 15.) In response, Claimant confirms in a letter that he has taken up residence in Luquillo, Puerto Rico, with his wife. (Docket No. 16.) We note that the postmark on the envelope indicates that Claimant sent the letter from the U.S. Post Office in Luquillo on February 16 (Docket No. 16-2). We are satisfied that the District of Puerto Rico is both a proper venue for this case, see 42 U.S.C. § 405, and a forum that is convenient for the parties, see § 1404(a).

### B. The ALJ's Second Decision

Claimant focuses his challenge on two aspects of the ALJ's second decision: the ALJ's finding that Claimant's allegations of pain were not credible and the ALJ's failure to account for Claimant's impairment due to his pain medication. (Docket No. 14.)

Pursuant to 20 C.F.R. § 404.1520(a), the ALJ must engage in a five-step test for disability. Under this approach, the ALJ may terminate the inquiry at any stage if he finds that the medical evidence does not meet the appropriate standard. § 404.1520(a)(4). At step five, the ALJ must determine whether the claimant retained sufficient RFC to engage in work other than

his past relevant work. § 404.1520(a)(4)(v). This step requires a prior assessment of the claimant's RFC. See § 404.1545 (outlining steps for finding RFC). The existence of pain and the effect of medication on a claimant's ability to work are both relevant to his RFC. See 20 C.F.R. §§ 404.1529(c) (detailing method to evaluate effect of pain on ability to work), 404.1545 (detailing steps to assess RFC), 404.1569a(a), (c) (outlining steps to assess nonexertional limitations, including effect on ability to concentrate). Accordingly, we discuss in turn the ALJ's assessment of Claimant's pain in determining Claimant's RFC and the ALJ's accounting for the effects of morphine at step five.

**1. Credibility of Allegations of Pain**

Claimant asserts that the ALJ did not properly assess the credibility of Claimant's assertions of pain.[2] (Docket No. 14.) In assessing Claimant's RFC, the ALJ disregarded Smith's opinion relating to Claimant's neck and back pain and found that Claimant's allegations of pain were not credible. (R. at 25-29.)

The ALJ may weigh the credibility of a claimant's statements about pain. S.S.R. 96-7p (Cum. Ed. 1996). The ALJ must first find a lack of support in objective medical evidence for the allegations of pain. Id. Then, "giv[ing] specific reasons for the weight given to the individual's statements," the ALJ may assess the credibility of the allegations. Id. "The finding on the credibility of the individual's statements cannot be based on an intangible or intuitive

---

[2]Claimant appends medical evidence to his memorandum. (See Docket No. 14-2.) We cannot consider this evidence because it was not part of the record that the ALJ could have consulted. See 42 U.S.C. § 405(g).

notion about an individual's credibility. The reasons . . . must be grounded in the evidence and articulated in the . . . decision." Id.

Under the "treating physician rule," Commissioner generally must accord greater weight to the opinions of a claimant's treating sources than other sources because of the treating doctors' longitudinal perspective on the claimant's condition. 20 C.F.R. § 404.1527(d)(2). If "a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [Commissioner] will give it controlling weight." Id. Nevertheless, deference to the treating physician is not absolute: "A treating physician's conclusions regarding total disability may be rejected . . . when . . . contradictory medical advisor evidence appears in the record." Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 276 (1st Cir. 1988).

Smith opined that Claimant could not work due in part to his pain. (R. at 362.) The ALJ decided not to accept this assessment, however, because of (1) the fact that Claimant had not visited Smith since December 2007; (2) Smith's lack of supporting psychiatric evidence and expertise in the field of mental health; and (3) deviations in Smith's opinion of Claimant's physical abilities from the reports of other doctors. (R. at 26.)

We find fault with these reasons. First, even if Claimant had not visited Smith since December 2007, there is no rational basis for disregarding Smith's opinion regarding Claimant's condition during the course of their doctor-patient relationship. Second, although Smith is not

a mental health expert, he opined as to Claimant's experience of pain and impairment from the effects of morphine, not his mental health. (R. at 362.) It is true that disability under the Act is a legal determination that is reserved to the ALJ and that medical experts are not qualified to render this ultimate legal conclusion. See Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003). Although the ALJ could disregard Smith's assessment of Claimant's ability to work, there is no basis for ignoring Smith's observations as to Claimant's experience of pain. Third, even if Claimant's capacity for physical exertion could be taken as a proxy for the lack of pain, there is no evidence directly contradicting Smith's opinion of Claimant's incapacitation from pain. The other two RFC assessments cited by the ALJ express no opinion on Claimant's experience of pain. (R. at 26-28, 107-14, 347-54.) The ALJ's credibility determination is, therefore, undermined by his disregard of evidence offered by Smith, Claimant's treating physician.

In view of the ALJ's failure to heed Claimant's treating source, and the resulting flawed inquiry into the credibility of Claimant's allegations of pain, we find that the ALJ's determination of Claimant's RFC is not supported by substantial evidence. See Nguyen, 172 F.3d at 35; S.S.R. 96-7p. An accurate assessment of Claimant's experience of pain is crucial to his RFC. See 20 C.F.R. §§ 404.1529(c)(1), 404.1545(3). We, therefore, must reverse the ALJ's finding so that Commissioner may reassess Claimant's credibility with respect to pain.

**2. Impairment from Morphine**

Claimant contends that the ALJ ignored medical evidence of Claimant's impairment due to his intake of morphine to control pain. (Docket No. 14.) The ALJ did not account for the

effects of morphine in his assessment of Claimant's RFC; he relied on the testimony of Wright to find at step five that Claimant was capable of work and was, thus, not disabled. (R. at 25-31.)

If a claimant's RFC is significantly eroded by non-exertional limitations like decreased concentration from medication, see § 404.1569a(c), the ALJ may find at step five that the claimant is incapable of work and is, thus, disabled, see § 404.1520(a)(4)(v). In determining a claimant's ability to work, id., Commissioner may also rely on the testimony of vocational experts, usually offered in response to hypothetical medical conditions posed by the ALJ at a hearing. Arocho v. Sec'y of Health & Human Servs., 670 F.2d 374, 375 (1st Cir. 1982). "But in order for a vocational expert's [opinion] to be relevant, the inputs into that hypothetical must correspond to conclusions that are supported by the outputs from the medical authorities." Id. Where the vocational expert omits a significant functional limitation from his assumptions about the claimant's health, the ALJ may not rely on this expert's opinion. Rose v. Shalala, 34 F.3d 13, 19 (1st Cir. 1994).

Smith noted that Claimant experienced side effects from taking morphine, including the inability to concentrate. (R. at 362.) Claimant was prescribed morphine tablets from October 25, 2006, until at least April 30, 2008, the last date of the medical record submitted for this case. (R. at 471-89.) In assessing Claimant's RFC, the ALJ did not include Claimant's reduced ability to concentrate due to pain medication (R. at 25-29), but stated that he accounted for the "morphine side effects in the form of drowsiness" in his hypothetical to Wright (R. at 28). An examination of the transcript from the ALJ Hearing, however, belies this assertion. (R. at 650-

53.) The ALJ did not pose Claimant's inability to concentrate to the vocational expert; instead, the ALJ focused on Claimant's limited range of motion with his limbs and low tolerance to stress. (R. at 650.) Because the ALJ's hypothetical did not accurately reflect Claimant's medical condition, he could not rely on Wright's conclusions at step five of the inquiry.

As the ALJ failed to account for the effects of morphine in assessing Claimant's RFC and omitted this impairment in his hypothetical to Wright, we find that the ALJ's determination relating to Claimant's non-disability from October 25, 2006, until September 2, 2008, lacks support in substantial evidence. See 42 U.S.C. § 405(g). Because the ALJ's assessment of Claimant's RFC is riddled with inaccuracies with respect to both neck and back pain and side effects from medication, we reverse in toto Commissioner's determination in this case. See id.

## IV.

## Conclusion

In view of the foregoing, we hereby **GRANT** Claimant's petition (Docket No. 2). We **REVERSE** and **VACATE** Commissioner's determination and **REMAND** this case for further proceedings consistent with this decision pursuant to sentence four of § 405(g). We also **NOTE** Claimant's motion in compliance (Docket No. 16).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of April, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge